

**SIGNED this 18 day of August, 2011.**

_____
                        **JAMES P. SMITH**
            **UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| TERRY B. MCCONNELL, | : | |
| | : | |
| Debtor | : | Case No.10-50729  JPS |
| | : | |
| WALTER W. KELLEY, TRUSTEE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| DAVID E. MURPHY AND | : | |
| BIG DOG AIRCRAFT, INC., | : | |
| | : | Adversary Proceeding |
| Defendants | : | No. 11-5071 |

BEFORE

JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

|  |  |
|---|---|
| For Plaintiff: | Thomas D. Lovett |
|  | P.O. Box 1164 |
|  | Valdosta, GA 31603 |
| For Defendants: | Jason M. Orenstein |
|  | 1922 Forsyth Street |
|  | P. O. Box 4086 |
|  | Macon, GA 31208-4086 |

## **MEMORANDUM OPINION**

Before the Court is Trustee's Motion For Summary Judgment. The Court, having considered the motion, the response, the affidavit of David E. Murphy and the record, now publishes this memorandum opinion.

## **FACTS**

Debtor Terry B. McConnell owned a 1972 Piper Cherokee (the "aircraft"). In 2003, Debtor and Defendant David E. Murphy formed a partnership wherein Defendant Murphy would help Debtor maintain and operate the aircraft. From 2006 through 2009, Defendant Murphy incurred a greater share of the expenses in the partnership than Debtor. In December 2009, Debtor voluntarily agreed to repay Defendant Murphy and, to secure the debt, Debtor signed a UCC-1 Financing Statement giving Defendant Murphy and Defendant Big Dog Aircraft, Inc.[1] ("Big Dog") a security interest in the aircraft. The UCC-1 Financing Statement was filed with the Clerk of Houston County Superior Court, Georgia, in December 2009.

By letter dated September 15, 2010, Defendant Murphy requested that Debtor pay the debt in full, dissolve the partnership or surrender the aircraft. Debtor surrendered the aircraft in full satisfaction of his debt by signing an Aircraft Bill of Sale dated September 15, 2010, conveying the aircraft to Big Dog. The Aircraft Bill of Sale was filed with the

---

[1] Defendants admit in their answer to Trustee's complaint that there is no corporate entity with the name "Big Dog Aircraft, Inc.". Thus, for purposes of this case, the Court will treat "Big Dog Aircraft, Inc." as merely an alias or trade style of Defendant Murphy.

Federal Aviation Administration (FAA) on January 11, 2011. Debtor filed his Chapter 7 bankruptcy case on March 8, 2011.

## CONCLUSIONS OF LAW

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' F.R.Civ.P. 56(c)." . . . *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed, 2d 265 (1986); *see also Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir. 1996). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *See Cast Steel,* 348 F.3d at 1301." Midrash Sephardi, Inc., v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004), cert denied 543 U.S. 1146, 125 S.Ct. 1295, 161 L.Ed.2d 106 (2005).

Trustee filed an adversary proceeding seeking, in part,[2] to avoid as a preferential transfer Debtor's conveyance of the aircraft to Defendants. Section 547 (b) of the Bankruptcy Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;

---

[2] Trustee also seeks a turnover order with respect to the aircraft and related items.

4

>   (4) made—
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>   (5) that enables such creditor to receive more than such creditor would receive if—
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (c) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Trustee has the burden of proving the avoidability of the transfer. 11 U.S.C. § 547(g).

Defendants admitted in their answer to the complaint that the conveyance of the aircraft was a transfer of an interest in Debtor's aircraft to or for the benefit of a creditor for or on account of an antecedent debt. Defendants have presented no evidence to rebut the statutory presumption that Debtor was insolvent during the 90 days immediately preceding the bankruptcy filing. 11 U.S.C. § 547(f).

For purposes of preferential transfer actions, a transfer is deemed made at the time the transfer is perfected if the perfection occurs more than 30 days after the transfer takes effect. 11 U.S.C. § 547(e)(2)(B). A transfer of personal property is perfected when it is entitled to priority against a hypothetical subsequent judicial lien. 11 U.S.C. § 547(e)(1)(B). "Although state law determines priorities, all interests [in aircraft] must be federally recorded before they can obtain whatever priority to which they are entitled under state law.' Philko Aviation, Inc. v. Shacket, 462 U.S. 406, 413, 103 S.Ct. 2476, 2480, 76 L.Ed. 2d 678 (1983). See 8A Am. Jur. 2d Aviation §§ 36, 39 (2011) (Federal

Aviation Act establishes a single national filing system for recordation of documents evidencing title and security instruments in civil aircraft). Therefore, until a conveyance of an aircraft is filed for recording with the FAA, the conveyance is valid only against the person making the conveyance and against a person having actual knowledge of the conveyance. 49 U.S.C. § 44108 (a), (b).

Since the conveyance of the aircraft from Debtor to Defendants was not filed for recording with the FAA within 30 days after the Aircraft Bill of Sale was signed, the transfer is deemed to have occurred on January 11, 2011, the date the conveyance was filed for recording. Thus, the transfer is deemed to have occurred within 90 days immediately preceding the bankruptcy filing. Accordingly, Trustee has met his burden under section 547(b)(4).

Finally, under section 547(b)(5), Trustee must prove that Defendants received more than they would have received in a hypothetical Chapter 7 distribution. Defendants assert that Trustee cannot meet this burden because Defendants had a perfected lien in the aircraft as a result of their filed UCC-1 Financing Statement.

"Generally, payments to a fully secured creditor will not be considered preferential because the creditor would not receive more than in a Chapter 7 liquidation." 5 Collier on Bankruptcy, ¶ 547.03[7], p. 547-43 (16th ed. 2011). The affidavit of Defendant Murphy states that Defendants received from Debtor and filed with the Clerk of Superior Court of Houston County a UCC-1 Financing Statement, perfecting their lien in the aircraft which secured the debt owed by Debtor. Assuming that this lien is enforceable against Debtor and Trustee, there is no evidence in the record as to the

amount of the debt owed by Debtor or the value of the aircraft at the time of the conveyance. Accordingly, there is a genuine issue of fact as to whether Defendants received, by conveyance of the aircraft, value greater than they would have received in a Chapter 7 case. Further, there is no evidence that Debtor signed a security agreement conveying to Defendants a security interest in the aircraft. In order to have an enforceable security interest, there must be a signed security agreement. O.C.G.A. § 11-9-203(b)(3)(A). The UCC-1 Financing Statement given to Defendants does not meet this requirement. Amoco Oil Co. v. G. Sims & Assoc., 162 Ga. App. 307, 291 S.E.2d 128, 130 (1982).

Finally, Defendants' argument also assumes that their lien is an unavoidable lien. However, if the security interest in the aircraft was not filed with the FAA then it would appear that it would be an unperfected lien which could not withstand a challenge by Trustee under 11 U.S.C. § 544(a)(1)[3]. The record is silent as to whether or not the security interest was filed with the FAA. On this point, Defendants' reliance on the case of Southern Horizons Aviation v. Farmers & Merchants Bank of Lakeland, 231 Ga. App. 55, 497 S.E.2d 637 (1998) is misplaced. In that case, the Georgia Court of Appeals noted that the bank's security interest which had been perfected by filing with the FAA had priority over the holder of a mechanic's lien since the holder of the mechanic's lien had never perfected that lien by filing with the FAA, holding, "A mechanic's lien which has not been recorded with the FAA is not valid." 231 Ga. App. at 56, 497 S.E.2d at 639.

Fed. R. Civ. P. 56(g), incorporated by Bankruptcy Rule 7056, provides:

---

[3] Trustee has not sought to avoid the lien in his complaint.

7

> If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact. . . that is not genuinely in dispute and treating the fact as established in the case.

Accordingly, the Court finds that Trustee has satisfied his burden and there is no genuine dispute with respect to 11 U.S.C. § 547(b)(1), (2), (3) and (4) and partial summary judgment is granted with respect thereto. However, as to 11 U.S.C. § 547(b)(5), there are material fact issues as to the existence of a security agreement, the amount of the debt, the value of the aircraft and whether the security interest in the aircraft was filed with the FAA.

## CONCLUSION

For the reasons stated above, Trustee's Motion For Summary Judgement will be granted in part and denied in part.

\* END OF DOCUMENT \*